UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

_____

Children's Orchard, Inc., a Michigan corporation,                    ___ CV _____

                          Plaintiff,

v.

Children's Orchard Store #142, Shirley Nowling,
The Nowling Company, Todd Nowling, Ernesto Pinal,
Maria Pinal, Kids Kloset, and John Does 1-10,

                          Defendants.
_____

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF,

## DECLARATORY JUDGMENT, AND DAMAGES

Children's Orchard, Inc., by its attorney, Adam M. Bond, Esq., as and for its Verified Complaint for Injunctive Relief, Declaratory Judgment, and Damages against defendants Shirley Nowling, Todd Nowling, and The Nowling Company (collectively referred to as "Nowlings"), and Ernesto Pinal, Maria Pinal and Kid's Kloset (collectively referred to as "Pinals") state as follows:

### Parties

    1.    Children's Orchard, Inc. ("COI") is a Michigan corporation headquartered in Ann Arbor, Michigan. COI is the owner of unique operating systems for the operation of franchised children's clothing and sundries resale stores, and is the owner of the "Children's

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

Orchard" names and marks.

2. Defendants Shirley Nowling, Todd Nowling, and The Nowling Company are franchise owners of Children's Orchard franchise store # 142, located at 1000 N. Green Valley Parkway, Suit 700 in Henderson, Nevada. Defendants Ernesto Pinal and Maria Pinal are owners of Kid's Kloset located at 1000 N. Green Valley Parkway, Suit 200 in Henderson, Nevada. Defendant Nowlings are currently bound under a franchise agreement dated May 10, 2004 (Ex. 1)

3. Upon information and belief:

(a) Defendant Kid's Kloset is a Nevada sole proprietorship owned and operated by Ernesto Pinal and Maria Pinal, who each are domiciled in Henderson, Nevada, and which purchased and is using all of the trade dress, the business system, and trade secrets of COI and is, with the aid of the Nowlings, competing with COI by reselling children's clothing and accessories, in violation of the franchise agreement between the Nowlings and Plaintiff; and

(b) Defendant John Does 1-10 are individuals domiciled in Nevada who acted in concert with the Nowlings and Ernesto and Maria Pinal to commit the unlawful acts further described herein.

## Jurisdiction and Venue

4. This Court has original subject matter jurisdiction over this action under 28 USC 1332, inasmuch as the defendants are domiciled in Nevada, and the plaintiff is domiciled in Michigan, and the amount in controversy exceeds $75,000, exclusive of interests and costs. All other claims are within the Court's original jurisdiction (Lanham Act Claim), and pendant jurisdiction and form part of the same case or controversy.

5. Venue is proper in this Court in that the Nowlings contractually agreed that any

litigation between the parties shall be commenced and maintained in Michigan, and the other Defendants are subject to long arm jurisdiction and jurisdiction under the Lanham Act, as Plaintiff is a citizen of Michigan.

### The Children's Orchard Marks

6. To identify the source, origin and sponsorship of its brands and the products and services they offer, and to distinguish those children's clothing and sundries resale stores, products and services from those established, made, offered and sold by others, COI has extensively used certain trademarks, service marks, trade names, logos, emblems, trade dress, trade secrets, business systems, and indicia of origin, including but not limited to the registered Children's Orchard® registered mark (all such common law and registered indicia of origin collectively referred to as the "Children's Orchard Marks").

7. COI has continuously used the Children's Orchard Marks and trade dress in interstate commerce in connection with the promotion, sale and franchising of Children's Orchard children's clothing and sundries resale stores and the promotion and sale of the products and services they offer throughout the United States.

8. Plaintiff has the exclusive right to use and license the Children's Orchard Marks and derivations thereof, as well as the unique and uniform business system and trade dress with which franchisees offer products and services to the public under the Children's Orchard Marks. Pursuant to franchise Agreements entered into by and between COI and its authorized and approved franchisees, COI grants franchises to qualified persons to own and operate Children's Orchard children's clothing and sundries resale stores using the Children's Orchard Marks and Children's Orchard's uniform system, but only in such manner and at such locations as are expressly authorized by COI.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

9. COI and its franchisees use the Children's Orchard Marks as the mark and trade identity by which the products and services offered by COI and its franchisees are distinguished from other children's clothing and sundries resale stores and the products and services offered by them.

10. COI and its authorized franchisees have extensively advertised and promoted Children's Orchard children's clothing and sundries resale stores and the products and services they offer under the Children's Orchard Marks throughout the United States and through various media. As a result of such efforts and the considerable money spent in connection therewith, the products offered by COI and its franchisees under the Children's Orchard Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

**The Parties' Franchise Agreement**

11. On or about May 10, 2004, COI, as franchisor, and the Nowlings, as franchisees, entered into a written Franchise Agreement (the "Franchise Agreement," a true and correct copy of which is attached hereto as Ex. 1), pursuant to which COI granted the Nowlings a franchise to operate a Children's Orchard store at a specified site in Henderson, Nevada, together with a limited license to use the Children's Orchard Marks, business system and trade dress in connection therewith.

12. The ten year, Franchise Agreement was set to expire by its terms on May 9, 2014, but the Nowlings unilaterally and without permission or right, self-terminated the Franchise Agreement, with five (5) years and five (5) months remaining, causing a loss of revenues to COI in an amount to be determined at trial, but not less than $90,000.

13. Pursuant to §18 of the Franchise Agreement (among other Sections), upon

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

expiration of the Franchise Agreement, the Nowlings continued to be subject to certain post-termination covenants and obligations which survived expiration.

14.     However, prior to the expiration of the Franchise Agreement, the Nowlings were informed by COI that there was a bona fide purchaser for their Children's Orchard store #142. Despite the repeated and persistent efforts of COI to obtain the cooperation of the Nowlings to sell their store to the prospect identified by COI, the Nowlings instead refused to cooperate, and without any notice to COI, and in concert with John Does 1-10, sold the entire contents of the franchise store and all trade dress and trade secrets to a competitor, Defendants Ernesto and Maria Pinal d/b/a Kid's Kloset, located in the same shopping center as the Nowlings' franchise shop.

15.     Pursuant to the Franchise Agreement entered into by the Nowlings with Plaintiff COI:

(a)     The Nowlings had no right to terminate the Franchise Agreement unilaterally or to sell the contents of the franchise shop, and even if they sold the shop, COI had the right of first refusal on any sale of the franchised shop and the right, prior to any sale, to obtain due diligence regarding any potential buyer of the shop;

(b)     COI had the right to the return of all confidential and proprietary materials from the Nowlings, and the Nowlings were contractually obligated to do so without prior notice. (FA at § 18);

(c)     COI had the right to demand assignment to COI of the lease for the franchised shop;

(d)     COI had the right to the assignment to COI of all telephone numbers used by the franchised shop;

(e)     COI had the right to all customer lists and clients developed by the Nowlings ("Goodwill"), and such customer lists constitute trade secrets and property of

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

COI;

(f) COI exclusively owns the right to the business system and all trade dress, which also constitutes a trade secret of COI;

(g) The Nowlings were and are prohibited from competing with COI, diverting COI business to a competitor, misappropriating trade secrets of COI, or having any interest in any competitor of COI.

16. On or about December 31, 2009, COI discovered by its own investigation that the Nowlings had willfully, and in direct contravention of COI's rights and the Nowlings' obligations under the Franchise Agreement, "sold" the franchise shop.

17. In concert with Kid's Kloset and Ernesto and Maria Pinal, the Nowlings, and John Does 1-10, willfully and intentionally breached the Franchise Agreement as they never had any right self terminate the Franchise Agreement, and never had any right to sell the franchise shop without COI's knowledge and consent. The Nowlings had more than 5 years left on their Franchsie Agreement, and by selling the franchise shop, of which they were notified that COI had a purchaser, the Nowlings have intentionally deprived COI of the ability to secure a franchisee under a ten year agreement, and have improperly deprived COI of the balance of the five years, and five months of royalties and advertising fees that would be payable under the Nowlings' self terminated Agreement.

18. The Nowlings and the other Defendants intentionally hid the purported sale of the franchise shop from COI and violated COI's contractual right, as well as the Nowlings' contractual obligation, to ONLY sell the franchise shop to an approved franchisee.

19. Kid's Kloset, upon information and belief, is a sham entity owned by Ernesto and Maria Pinal, for the express purpose of defrauding COI and appropriating COI's trade dress and trade secrets in order to compete with COI, and, upon information and belief, is operated and

owned by relatives of another franchisee, referred to herein as John Does 1-10.

20. Kid's Kloset and Ernesto and Maria Pinal, aware of the closing of the COI store and having knowledge of the unlawfulness of their purchase, in concert with the Nowlings and John Does 1-10, nevertheless elected to go forward with the purchase despite actual knowledge, and/or imputed knowledge that such purchase directly violated COI's rights under the Franchise Agreement and Kid's Kloset and Ernesto and Maria Pinal, and John Does 1-10 did so for the express purpose of being able to unfairly compete with Plaintiff.

21. Upon information and belief, the Nowlings and Pinals have fraudulently documented the sale in a fashion intended to make it appear as though a disinterested third party actually purchased the franchised shop.

22. Based on personal observation by a witness, the Nowlings have assisted and continue to assisted the Pinals in the set up and operation of the competing store, and that store continues to unlawfully use the same trade dress, trade secrets and the same business system as the Nowlings did when operating their Children's Orchard franchise shop.

23. In further contravention of the Franchise Agreement, the Nowlings unlawfully sold to Kid's Kloset and Ernesto and Maria Pinal property which they had no right to sell, and which COI had an option to purchase or which was the sole property of COI, inter alia:

(a) All furniture, fixtures, and equipment located on the premises of the franchise shop--in violation of COI's option to purchase such items, and which trade fixtures constitute a part of the distinctive trade dress of the Children's Orchard system and marks;

(b) All Goodwill of the business--which goodwill constitutes the customer base belonging to COI, NOT the Nowlings; and

(c) The franchise shop's inventory located on the premises--in violation of

COI's option to buy.

24.  The Nowlings also have not returned any proprietary and confidential materials relating to Store #142, and they refuse to provide the information needed by COI regarding the purchase. Indeed, upon information and belief, the Nowlings have sold to Kid's Kloset and Ernesto and Maria Pinal the "Buy" Register of COI, which is programmed with proprietary and confidential information belonging to COI, which Kid's Kloset and Ernesto and Maria Pinal are currently using in the operation of their store.

25.  By illegally selling the store (Ex.1, Section 19), and also by never allowing COI its Right of First Refusal, and converting COI's property (customer lists, phone numbers, furniture fixtures, buy registers, etc.), and by not protecting COI's confidential and proprietary information (a contractual obligation), the Nowlings are in violation of their Covenants and Non-Compete provisions of their Franchise Agreement, as well as the Lanham Act.

26.  By fraudulently selling the assets of the franchise shop, the Nowlings denied COI the opportunity to take, resell and/or transfer the store to an approved prospective franchisee in order to keep the store in the Children's Orchard franchise system for a ten year period. Store #142 had been generating approximately $18,000 in Royalty and Ad Fees per year to COI, and its self termination and sale out of the system has now cost COI those future royalties and put another competitor in the Henderson location.

27.  As a result of the Nowlings' breaches, the Children's Orchard brand is being damaged and COI is suffering financially, and will continue to suffer financially. Additionally, the Kid's Kloset store, which is located only a few doors down in the same shopping center as the Nowlings' Children's Orchard store #142, is in direct competition with COI and is causing damage to COI by way of reduced Royalty and Ad Fees.

28.  The Franchise Agreement describes the COI business system, and the Nowlings

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

agreed in the Franchise Agreement that, due to the special and unique nature of COI's proprietary information, COI is entitled to immediate equitable remedies, including but not limited to, restraining orders and injunctive relief in order to safeguard such information and that money damages alone would be insufficient.

29.     Despite their express agreements to the contrary, the Nowlings in concert with Kid's Kloset and Ernesto and Maria Pinal, have intentionally breached the Franchise Agreement and violated COI's rights by, among other things:

(a)     Failing to notify COI of receipt of any offer to purchase the franchise shop, and their refusal to cooperate with COI in the sale of their franchise shop to a prospective purchaser;

(b)     Unlawfully selling the franchise shop to competitor Kid's Kloset and Ernesto and Maria Pinal, prior to the expiration of the Franchise Agreement, ignoring COI's right of first refusal, failing to provide COI with the information necessary to determine whether to exercise its right of first refusal, and by self-terminating the franchise agreement in willful violation of its terms;

(c)     Fraudulently selling the franchised shop to Ernesto and Maria Pinal, as Kid's Kloset, in an attempt to cheat COI of its rights under the Franchise Agreement;

(d)     Failing to return all confidential and proprietary materials to COI, and permitting Kid's Kloset and Ernesto and Maria Pinal to, inter alia, have access to and use COI's proprietary business system, trade secrets, and trade dress in the operation of its store in direct competition with COI;

(e)     Denying COI its right to seek assignment of the lease and refusing to assign all telephone numbers to COI;

(f)     Selling the "Goodwill" of COI to Kid's Kloset and Ernesto and Maria

Pinal, which goodwill constitutes the property of COl and is a trade secret;

30.  The Nowlings and their counsel refuse to communicate with COI's counsel to provide any information relating to the details of the sale of the franchise shop, and despite attempts to obtain such information from them, no further information has been provided.

31.  As described above in paragraphs 1-30 above, the Nowlings have breached their obligations and covenants under their Franchise Agreement, including those obligations which survive its termination or expiration, as well as by self-terminating their agreement with 5 years and 5 months remaining.

32.  COI has at all times fully performed all of its obligations under the Franchise Agreement.

## COUNT I

## BREACH OF CONTRACT -- INJUNCTIVE RELIEF

33.  Plaintiff repeats and realleges ¶¶ 1 through 32 of their Complaint for Injunctive Relief and Damages, as if fully set forth herein.

34.  The failure of the Nowlings to meet their obligations under the Franchise Agreement, including, but not limited to, their self-termination and violations of their post termination obligations not to compete against the Plaintiff as provided by the Franchise Agreement, their obligations to refrain from use or misappropriation of COI's confidential information trade secrets, and trade dress, their unlawful sale of the franchise shop (Ex. 1, Section 19), their failure to permit COI's right of first refusal, and their sale of the inventory, equipment, lease and Goodwill of the franchise shop, among other breaches, constitute material and willful violations of the Franchise Agreement.

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

35. Unless enjoined from their continuing violations, the Nowlings, Ernesto and Maria Pinal and Kid's Kloset will continue to violate the covenants under the Franchise Agreement, as well as the legal rights of COI under the Lanham Act and will continue to commit their material breaches of both Franchise Agreements and the law, irreparably harming both COI and the other franchisees in the system.

36. By reason of Defendants' ongoing and continuing misconduct as described above, Plaintiff, as well as all members of the Children's Orchard franchise system, have been and, unless Defendants' misconduct is enjoined, will continue to suffer irreparable harm, including lost sales, lost profits and business opportunities, and damage to goodwill, brand name and reputation of COI.

37. Plaintiff has no adequate remedy at law for the harm it has suffered and the harm that it will continue to suffer, including lost sales, lost profits and business opportunities, loss of goodwill and damage to reputation and brand name, which are difficult to quantify, such that damages alone cannot fully compensate plaintiff for its loss.

## COUNT II

## BREACH OF CONTRACT – DAMAGES

38. Plaintiff repeats and realleges ¶¶ 1 through 37 of their Complaint for Injunctive Relief and Damages, as if fully set forth herein.

39. As a result of, among other things, their self termination, their misappropriation of COI trade secrets and confidential and proprietary information, the Nowlings have materially breached the Franchise Agreement and willfully violated the Lanham Act.

40. As a direct and proximate result of the material breaches by the Nowlings and of both the Franchise Agreement and violation of the Lanham Act, COI has been damaged in an

amount to be proven at trial, including lost future royalties, such amount being in excess of $150,000, exclusive of interest and costs.

## COUNT III

## VIOLATION OF THE MICHIGAN UNIFORM TRADE SECRETS ACT

41.     Plaintiff repeats and realleges ¶¶ 1 through 40 of their Complaint for Injunctive Relief and Damages, as if fully set forth herein.

42.     Pursuant to the Michigan Consolidated Laws, §445.1901, et seq., it is unlawful for an individual or entity to misappropriate the trade secret of another.

43.     As set forth above, the Nowlings, Ernesto and Maria Pinal and Kid's Kloset have intentionally, willfully and maliciously misappropriated various trade secrets of COI, including, COI's goodwill, for which the Nowlings purportedly received an unknown sum, and COI's trade dress (equipment and fixtures), for which the Nowlings received an unknown sum.

44.     The Defendants acted willfully, inasmuch as the express language of the Franchise Agreement prohibited such acts, particularly without prior notice to COI, and John Does 1-10, Ernesto and Maria Pinal and Kid's Kloset knew, or should have known, of Plaintiff's contractual and legal rights, and of COI's right of first refusal.

45.     The Nowlings, Kid's Kloset and Ernesto and Maria Pinal have unlawfully profited from their misappropriation in an amount to be determined at trial, but not less than $150,000.

46.     According to MCL 445.1903 misappropriation of a trade secret may be enjoined.

47.     According to MCL 445.1904, COI is entitled to recover damages for misappropriation, which includes the unjust enrichment to the Nowlings, John Does 1-10, Kid's Kloset, and Ernesto and Maria Pinal in an amount to be determined at trial, but not less than

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

$180,000.

48. Additionally, MCL 445.1905 provides that where, as here, a willful and malicious misappropriation exists, the court may award reasonable attorney's fees, currently in the amount of $8,900.00.

49. Accordingly, the Nowlings, John Does 1-10, Kid's Kloset, and Ernesto and Maria Pinal have willfully misappropriated trade secrets of COI, including the business system of COI, the goodwill of COI, and its trade dress, and COI has been damaged thereby, in an amount to be determined at trial, plus their reasonable attorney fees.

## COUNT IV

## TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS

50. Plaintiff repeats and realleges paragraphs 1 through 49 of their Complaint for injunctive Relief and Damages, as if fully set forth herein.

51. By their actions described herein, Ernesto and Maria Pinal, Kid's Kloset, and John Does 1-10, have unlawfully interfered with existing contractual relations between the Nowlings and COI.

52. As a result of the unlawful conduct of Ernesto and Maria Pinal, Kid's Kloset, and John Does 1-10, COI has been damaged in an amount to be proven at trial, but not less than $150,000, exclusive of interests and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Each of the Defendants:

A. Judgment declaring that the Nowlings currently are in material breach of the Franchise Agreement, which they self-terminated, and that COI is entitled as a matter of law to future royalties and Ad Fund fees as a result of such breach.

B. Judgment against each of the Defendants, jointly and severally, for damages in an amount to be proven at trial, but not less than $150,000, exclusive of interests and costs;

C. Preliminary and permanent injunctive relief ordering the Nowlings to comply strictly with their obligations under the Franchise Agreement, including, without limitation, an order requiring the Nowlings, Ernesto and Maria Pinal, and Kid's Kloset, within 10 days, to

1. Provide all documentation to COI relating to the sale of the franchised shop and its assets, including:

    a. the names of all individuals, officers, directors, shareholders, investors, and other persons involved in the purchase and operation of the franchise shop and Kid's Kloset, including the names of former employees of the Children's Orchard franchise shop #142 currently working at the premises;

    b. a copy of both sides of any check or other instrument used to pay for the purchase of the business purportedly sold to Ernesto and Maria Pinal and/or Kid's Kloset;

    c. a copy of any agreement, shareholder agreement, investor agreement, or similar agreement relating to Kid's Kloset and Ernesto and Maria Pinal;

    d. a copy of any financing documents relating to the purchase of the business and/or assets from the Nowlings;

    e. a copy of the current lease for the Kids Kloset location at Suite 200.

    f. a copy of all customer e-mails, addresses, or other customer contact information used by the Nowlings in the operation of Children's Orchard store #142;

    g. copies of any confidentiality agreements signed by the former or current employees of Children's Orchard store #142;

    h. All other documents and information required by COI in connection with the transaction in accordance with the Franchise Agreement.

2. Return of all confidential materials and information provided to the Nowlings during the term of the Franchise Agreement with plaintiff, including all registers (cash and buy registers) and their templates.

3. Ceasing of all use of the Children's Orchard Marks, trade dress, and business system by any of the Defendants.

4. Observe all the provisions of the Franchise Agreement, including those regarding the Nowlings' agreement not to compete with COI after the termination of the Franchise Agreement and not to misappropriate any of COI's confidential and proprietary information;

D. A preliminary and permanent injunction enjoining all defendants, their agents, servants and employees, and those people in active concert or participation with them from:

1. Using the Children's Orchard Marks, business system, trade dress, or trade secrets, including its distinctive trade dress or any trademark, service mark, logo or trade name that is confusingly similar to the Children's Orchard Marks;

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

2. Otherwise infringing the Children's Orchard Marks, business system, trade dress, or trade secrets, or using any similar designation, alone or in combination with any other components; and

3. Unfairly competing with COI or its franchisees, in any manner;

4. Continuing to operate Kids Kloset until such time as they have removed all COI trade dress from the store, and until such time as all proprietary and confidential information of COI has been returned to COI.

E. An order that all labels, signs, prints, packages, wrappers, receptacles, logo items, and advertisements in the possession of Defendants, their affiliates, subsidiaries, officers, agents, servants and employees, and those people in active concert or participation with them, bearing the Children's Orchard Marks, be delivered to Plaintiff at Defendants' cost and that Defendants Ernesto and Maria Pinal and Kid's Kloset be required to make such modifications to the premises where they operate their retail location as may be approved by Plaintiff or ordered by the Court to prevent use of Plaintiffs distinctive trade dress, trade secrets, business systems or the Children's Orchard Marks;

F. That Defendants be required to file with the Court and to serve upon Plaintiff's counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

G. That Defendants pay to Plaintiff such damages as Plaintiff has sustained by reason of said unfair competition and misappropriation of trade secrets; and that, because of the willful nature of said misappropriation, the Court order the Nowlings and the Pinals each to pay into this Court the amount of at least $20,000, to be held until judgment can be rendered on this matter;

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

H.  An award of costs and expenses, including reasonable attorneys' fees of $8,900.00 currently incurred by COI in connection with this action as provided for by the franchise agreement and statute; and such other and further relief as the Court deems just and proper.


Respectfully submitted,


_____/s/_____

Adam M. Bond
Attorney for Plaintiff
900 Victors Way, Suite 200
Ann Arbor, MI 48104
P69262

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com

## **VERIFICATION**

I, Taylor Bond, CEO and President of Plaintiff Children's Orchard, Inc., declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____/s/_____

Taylor Bond

Date:  January 13,, 2010

PDF Created with deskPDF PDF Writer - Trial :: http://www.docudesk.com